AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| USA  v HOOPINGARNER | ) | |
| | ) | Case No: 2:21-cr-00001-JPH-CMM-3 |
| | ) | USM No: Reg. NO. 27338-509 |
| Date of Original Judgment: 09/15/2022 | ) | |
| Date of Previous Amended Judgment: | ) | |
| *(Use Date of Last Amended Judgment if Any)* | | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   09/15/2022   shall remain in effect.
**IT IS SO ORDERED**.

Date: 5/14/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:21-cr-00001-JPH-CMM |
| JOSEPH HOOPINGARNER, | ) ) | -03 |
| Defendant. | ) ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Joseph Hoopingarner has filed two motions to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. Dkt. 160; dkt. 167 (amended motion).

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether,

1

in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

Amendment 821 includes two parts—Part A, which limits "status points" imposed for having committed the offense while under a criminal justice sentence, USSG §4A1.1, and Part B, which decreases the offense level "for certain zero-point offenders," USSG §4C1.1(a). The government argues that Mr. Hoopingarner is not eligible for a reduction under either part because the amendment does not change his guidelines range. Dkt. 169.

Mr. Hoopingarner is not eligible for an adjustment under Part A because he did not receive any status points for having committed the offense while under a criminal justice sentence. *See* dkt. 119 at 9. And to be eligible for Part B's zero-point offender retroactive adjustment, Mr. Hoopingarner must have "not receive[d] any criminal history points from Chapter Four Part A" of the sentencing guidelines. USSG §4C1.1(a)(1). However, he received four criminal history points under USSG §4A1.1 for two prior convictions. Dkt. 119 at 8–9. So neither part of Amendment 821 changes Mr. Hoopingarner's sentencing range, and the Court may reduce his sentence only if his "sentencing range . . . has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see* USSG §1B1.10(a) (same).

Mr. Hoopingarner therefore is not eligible for a sentence reduction under *Dillon*'s first step, and his motions are **DENIED**. Dkt. [160]; dkt. [167].

2

**SO ORDERED.**

Date: 5/14/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Joseph Hoopingarner
Reg. No. 27338-509
FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, West Virginia 26507

3